Good morning. May it please the Court, Counsel. I'm Sean McRae. I represent Patrice Lumumba Ford, Your Honors. We're here on a denial of a 2255 petition. The issue before the Court is whether the use of the treason guideline was sufficiently analogous to the charge of conviction, which was seditious conspiracy, and it is our position that it was not. At page 21 of the government's brief, Mr. Atkinson agrees that seditious conspiracy differs from treason in name, essential elements, and punishment, and it is our position that because of these differences, the treason guideline was not analogous, and to the extent it was perhaps the only analogous guideline, it was not sufficiently analogous to have been used here. What points make it not analogous? It was not analogous, first, because there were different elements between seditious conspiracy and treason. Treason requires a breach of allegiance, an element of betrayal. Seditious conspiracy does not involve that. Secondly, there are different penalties between the two. Conspiracy to levy war means there is no allegiance to start with. I'm sorry, there is no? Allegiance to start with. Well, not necessarily, Your Honor, because we're talking about sedition. And I define that at page 15, footnote 2 of the brief. And sedition is the communication or the agreement that has as an objective the stirring up of treason. It doesn't mean necessarily that there is a denial of allegiance at that point. And as Mr. Cohen said during the sentencing, it becomes an issue, too, of historical perspective. If you look at somebody like John Brown or Malcolm X, the question of allegiance is something that depends on the context. Can you suggest to us a crime which is analogous to sedition to make war or to levy war? And I say to the court that I have looked at the guidelines, and I have looked at what was filed by the attorneys below. And their suggestion was that the analogous guideline was 2K2.4, the use of a firearm in relation to certain crimes. That is the most analogous under their analysis. I say to the court that there is not an analogous guideline, and therefore what should have happened was 18 U.S.C. 3553B should have been applied, which then at this point in time would bring us back to the Booker situation and the application of the factors in 3553A. In other words, I'm taking the position here that we had no sufficiently analogous guideline. Getting back to the question the court first asked me. Well, if there is no sufficiently analogous guideline and one is picked as the starting point under Cantrell, which is our present jurisprudence, doesn't the issue then become whether all the factors under 3553A have been properly considered and whether the sentence was reasonable? That is part of it, but my position would be we can't, even if that's true, we can't use the treason guideline because first it adds an element. Essentially, if you will, under an apprendee analysis, an enhancement that the defendant did not plead to. Number two, it has different penalties. The treason statute itself allows for a five-year mandatory minimum up to death, and under the guidelines at level 43, which was applied here. It doesn't add a guideline. It reflects a penalty of a crime which has a different guideline than the crime of which this man has been convicted. But anything analogous is not identical. Otherwise, they would say identical. Right. So analogous allows for a comparison of the central concepts of both crimes with the recognition that certain elements will be different. Isn't that the basis of analogous? That's the basis of analogous. But in this case, the position is it's not sufficiently analogous because treason has a different element. And that different element is the tantamount thing here. It's the important thing. It is that element of betrayal. And as a result, it starts out with a different penalty under both the statute and the guidelines.  How is betrayal missing here? I'm sorry, Your Honor? How is it that betrayal is missing here? Well, if we want to take it strictly under an apprendee analysis, because it wasn't pleaded, nor was it proven, nor did the defendant indicate facts under the charge which would make him guilty of that element. I'm saying in terms of what he is charged with, what he's convicted of, where is betrayal missing? Isn't betrayal inherent in this charge as well? It's not spelled out in the same way, but I don't see that it's radically different. And it may not be from looking at it from the outside, but we, the court, has to look at it in terms of the elements of the offense. And in terms of the elements of the offense, if it is not charged, if it is not pleaded, then my position is that it is legally missing, and it cannot be filled in or implied or used against Mr. Ford in what he pleaded to and what he was sentenced for. May I ask you this? Did Mr. Ford renounce his American citizenship at any time before he committed the acts for which he was convicted? I do not believe so. All right. Then he was an American citizen at the time that he pleaded guilty to conspiracy to levy war against the United States. That's correct. How is that different from treason? Because we have to, I guess what I would say is- Forget the procedural stuff about appending and laying it in the indictment and proving it, right? Yes. But how is it different factually from treason to levy war against the United States, not having renounced your citizenship, therefore having a different allegiance? The key to the court's question is the issue of factually. In other words, we cannot take it categorically. We have to look at the facts of this particular situation, and the facts of this situation indicate that we had a person who went out and learned how to shoot guns. He bought a shotgun, and there's an issue as to whether that was for his own protection after 9-11 with mosques being broken into. Let's talk about what he pleaded guilty to. He pleaded guilty to conspiracy to levy war against the United States. Right. But we can't look at it in a vacuum, Your Honor. We have to look at the facts involved because even if we apply the guideline for treason, we have to look at whether the conduct, the factual aspect, the conduct was tantamount- No. The court has to have a factual basis, a factual predicate for the acceptance of the plea. That's the only factual predicate that is in play once the plea is made. But in order to analyze whether the correct and analogous guideline was used, we have to look at the language of that guideline, which references conduct, and the conduct brings us back to the facts. And with the court's permission, I'll reserve the rest of my time for rebuttal. Thank you. Good morning. I'm Dave Atkinson. I'm an assistant U.S. attorney here in Portland, and I was one of three trial counsel below. Ms. McCrae is arguing this matter as if it were a sentencing appeal, and it's not a sentencing appeal. It's an appeal from the denial of a 2255 petition. And under the precedent of the Supreme Court in Hill v. Lockhart and the precedent of this court in Washington v. Lampert, if the defendant is to have his or her appeal considered following a guilty plea, it's that defendant's obligation to establish two elements. First, that the advice of trial counsel was below the range of competence demanded of an attorney in a criminal case, in other words, the very familiar Strickland, first part of the Strickland analysis that you see in IAC cases all the time. Isn't there an appeal waiver in the plea agreement? Yes, there is. But we followed this court's advice. At the time that the plea occurred, your precedent indicated that it was unwise to extract a waiver of effective assistance to counsel, and subsequent to the plea, the courts clarified that. So that is the only. So that's the way we're here. That's the way we're here. There is a waiver of direct appeal, Your Honor, and there's a waiver of all other 2255 claims with the exception of effective assistance to counsel. But let me make my second point with respect to the elements that need to be shown in an appeal such as this, one following a guilty plea, one following a guilty plea where there was an agreed-upon sentence and an agreed-upon guideline analysis. And that is that the defendant is required to show a reasonable probability that he would have gone to trial, but for counsel's bad advice. In the district court, that was not even pled, nor is it alleged for the first time here on appeal. So as a matter of law, I would submit that this appeal fails. Let me address whether counsel's advice, and we're left to speculate about what that was, quite frankly, in this case, but let's assume that it was that the treason guideline applied to seditious conspiracy. Let's address whether or not that was somehow erroneous, because it's the government's position that it wasn't erroneous, it was correct. Now, the only precedent that exists that specifically addresses that issue is the United States v. Rahman, the blind shake case decided in the Second Circuit. That's a remarkable opinion in its length, its depth, its analysis, and it specifically holds that 2M1.1, the treason guideline, applies to seditious conspiracy offenses. There is no contrary authority. I pose this question, how could trial counsel have possibly been ineffective when the only precedent supported the position that was taken by the defendant and the parties in the district court? Well, your position is that we don't have to decide whether trial counsel was ineffective because there's a failure of an essential element in pleading and proving justifiable reliance. That's correct, Judge. And there is some precedent. Everything else would be dicta, wouldn't it? I'm sorry? Everything else would be dicta. Yes, and there is some precedent that suggests that if the court can reach the prejudice issue first, this heightened prejudice standard that applies in cases in which there's been a guilty plea, then you never need to reach the question of whether there was bad advice that was provided by defense counsel. Here, not only was there not an allegation that defendant would have gone to trial but for the advice, there are other factors for you to consider on the prejudice prong of the test as well, and that is that the defendant agreed to the sentence that he got. During the plea colloquy, Judge Jones warned him two or three times in very plain and stark terms that his sentence would be 18 years, and that's exactly what he got. There may be a case somewhere where a 2255 defendant successfully appealed under circumstances in which the sentence was exactly what he asked for. I have not found that case, and counsel certainly hasn't cited it for misreport. It would be a remarkable decision, indeed, for the court to reach that. This was a defendant who was looking at 34 to 40 years conservatively under the guidelines, and I might add that the guidelines were mandatory at the time that this case was in the district court. The remedy that he seeks is not a new trial or a trial. He didn't seek a trial in the district court. He didn't seek a trial in his appellate brief. The remedy that he seeks is a judicial restructuring of the sentence that was part of the plea contract between he and the United States that would be extraordinarily one-sided. He has variously suggested the appropriate sentence would be a reduction to five years or a reduction to 10 years or a reduction to some term of imprisonment less than 18 years, to which he agreed, yet he argues that the United States should be held to each of its obligations under the contract while he would be relieved of his obligations. Under Hill v. Lockhart and in Washington v. Lampert, this appeal must fail. What further questions can I help the court with at this point in time? I think a primary point is that the treason guidelines limits were looked at, and she thinks it was error to look at those. Yes, well, I can tell you that in United States v. Rockman, the court specifically addressed whether the treason guideline applied to seditious conspiracy and wrote at length about that and analyzed it six ways to Sunday, if you will, from a constitutional perspective, from a statutory perspective, from the perspective of whether the two offenses are sufficiently analogous, and it ultimately concluded that 2M1.1 applies to Section 2384, seditious conspiracy, and that's the only precedent that was out there and continues to be out there at this point in time that defense counsel had to guide him, to guide them, because there were two defense counsel present. Now, my question is how possibly could one make an argument that defense counsel was ineffective when the only precedent that existed was consistent with the apparent advice that was given by counsel to the defendant? Are there any other questions? Thank you. Here's the prejudice. The attorneys advised Mr. Ford to plead to a treason guideline which had a guideline level of life, which is way more than the 20-year maximum for seditious conspiracy. The problem with Rahman is it was a decision by the Second Circuit in 1999, before Apprendi came out. Counsel, defense counsel here, knew about Apprendi in 2003 when this case was decided, but we get back to the question of the facts of this case. Could you please address the prejudice issue that was raised by counsel? Was it pleaded in any way? Was there any evidence that Ford would not have accepted the plea and would have gone to trial and perhaps faced over 30 years? Had he known? Had he been properly advised in your way of thinking that treason was not an analogous guideline? The only thing I can point to for the court in the record is the fact that numerous significant, specially tailored motions were filed on behalf of Mr. Ford and other defendants, that they were ready and prepared to go forward with those on October 16th, and then suddenly this plea offer was set up by the government. It's on the government's caption, and Mr. Ford then pleaded guilty. So presumably that was on the advice of his counsel that, no, I don't have an affidavit. There isn't an affidavit by Mr. Ford saying, had I been told that treason was not an analogous sentencing guideline to look at and that I might get a 922, a possession of a firearm, as an analogous guideline, I would have gone to trial. And I don't have that, Your Honor. Thank you. Thank you. Thank both counsel for the argument. The case just argued is submitted. And we move to the next case in the calendar, which is Browder v. Bowie. Do you want to take a ten-minute break? The court will take a recess for about ten minutes.
judges: Farris, Clifton, Bea